# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| LATRELL RICHARDSON, Individually, and as Personal Representative of the Estate of LEVY LEWIS KINNION, deceased, Plaintiff, | ) ) ) ) ) ) ) |
| v. | ) ) CIV. ACT. NO. 1:25-cv-00149-KD-N |
| NISSAN MOTOR CO. LTD., et al., Defendants. | ) ) ) ) |

## REPORT AND RECOMMENDATION

This civil action is before the Court on the motion to remand under 28 U.S.C. § 1447 (Doc. 14) filed by Plaintiff Latrell Richardson.[1] In accordance with the Court's briefing schedule (Doc. 15), the removing defendants – Nissan Motor Co., Ltd., and Nissan North America, Inc. (collectively "Nissan") – have timely filed a response in opposition to the motion (Doc. 18), and the Plaintiff has filed a reply (Doc. 19). The motion is now ripe for disposition. Upon due consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the motion to remand be **GRANTED**.

---

1 The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); (06/20/2025 electronic reference).

I.  **BACKGROUND**

Litigation originated from a fatal car wreck in Dallas County, Alabama, which occurred on April 8, 2023. (Doc. 8-2, ¶ 11, PageID.722). The original complaint alleged that a Mercedes being driven by Defendant Curtis Strong, a citizen of Alabama, crashed into the rear of a Nissan being driven by the deceased, Levy Kinnion, a citizen of Alabama. (*Id.*, ¶¶ 14-16, PageID.725). The Plaintiff amended the complaint on August 2, 2024, adding Kendrick Hurt, a citizen of Ohio, and Tschenavia Strong, a citizen of Alabama, as Defendants. (Doc. 8-3, PageID.734). To summarize, the Plaintiff alleges that Tschenavia Strong, the owner of the Mercedes, entrusted the car to Curtis Strong and/or Kendrick Hurt, who were "bar hopping" when they crashed into the back of the deceased. (*See generally* Doc. 8 ¶¶ 10-14, PageID.676-77). Additionally, Plaintiff brings manufacturing and product defect claims against Nissan. (*See* Doc. 8-2, PageID.726-32).

Nissan removed the case on April 22, 2025, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[2] Nissan contends that the removal was timely

---

2 On April 23, 2025, the undersigned ordered Nissan to file an amended notice of removal "that clearly alleges the citizenship of the Plaintiff's decedent." (Doc. 6). Nissan filed the operative Amended Notice on April 30, 2025, properly alleging the decedent's Alabama citizenship. (Doc. 8). *See* 28 U.S.C.§ 1332(c)(2) ("For the purposes of this section and section 1441 of this title...the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent..."); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation omitted)); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296-97 (11th Cir. 2009) ("[T]he failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect...If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by [28 U.S.C.] § 1653." (quotation omitted)).

and that the resident Defendants were fraudulently joined. (Doc. 8, ¶¶ 11, 22, PageID.676, 679). Plaintiff disputes both assertions.

## II.  Standard of Review

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Diversity jurisdiction exists when the parties have completely diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Subject-matter jurisdiction is determined at the time of removal. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). The Supreme Court has observed:

> The right of removal is entirely a creature of statute and "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 280, 38 S.Ct. 237, 62 L.Ed. 713 (1918) (citing *GoldWashing and Water Co. v. Keyes*, 96 U.S. 199, 201, 24 L.Ed. 656 (1878)). These statutory procedures for removal are to be strictly construed. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (noting that policy underlying removal statutes "is one calling for the strict construction of such legislation"); *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ("Due regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); *Matthews v. Rodgers*, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447 (1932); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233–234, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

### III.  Analysis

#### A. Second Paragraph Removal

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant[.]" 28 U.S.C. § 1446(b)(1). However, subject to other provisions not relevant here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The latter provision, which extends the time for removal, is sometimes referred to as "second paragraph" removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010). Second paragraph removal is implicated here, as Nissan's removal would only be timely under that provision. The Amended Complaint was filed in August 2024, and the action was removed on April 22, 2025. *See supra* discussing background.

The Eleventh Circuit has explained, "[u]nder the second paragraph, a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received ***from the plaintiff*** (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) (citing § 1446(b)) (emphasis added).

In general, discovery responses may properly be deemed "other paper" for removal purposes. *Holloway v. Morrow*, 2008 WL 401305, at *3 (S.D. Ala. Feb. 11,

2008) (citing, *e.g., Williamson v. Fleetwood Homes of Mississippi, Inc.*, 346 F. Supp. 2d 851, 852 n. 1 (N.D. Miss. 2004) (response to requests for admissions constituted "other paper" giving rise to federal jurisdiction)). As such, "[d]iscovery [r]esponses may qualify to trigger the § 1446(b) 30-day period." *Id.*

Nissan received responses to Requests for Admission ("RFAs") propounded to co-Defendant Tschenavia Strong on April 4, 2025, which it alleges constituted its first notice that the action was removable, thereby triggering the statute's "other paper" removal provision. (*See* Doc. 18, PageID.1455). Critically, Nissan argues that the rule requiring plaintiff origination does not apply to cases removed on the basis of fraudulent joinder. (*Id.*, PageID.1457).

Nissan distinguishes from the cases cited by the Plaintiff and argues that the requirements of the removal statute cannot be expanded to exclude "involuntary" evidence. (*See generally* Doc. 18, PageID.1461-63); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (describing historically the "voluntary-involuntary" rule).[3] Along with persuasive authority from outside of this Circuit, Nissan cites *Callen v. Daimler Trucks N. Am., LLC*, from the Middle District for the proposition that deposition testimony by a co-defendant can establish removability. (*See* Doc. 18, PageID.1460-63); *Callen*, 2016 WL 3566736 at *3 (M.D. Ala. June 29, 2016); *see also Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) (the removal period commenced when a nondiverse defendant's affidavit revealed fraudulent

---

[3] *Crockett* 436 F.3d at 532 ("an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff") (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)).

joinder). Thus, Nissan asserts, removal was proper under 1446(b)(3). (*See* Doc. 8, ¶¶ 13-14, PageID.676-77).

Plaintiff's position is that "a document created by the defendant, or a co-defendant, does not make an otherwise unremovable case removable." (Doc. 14, PageID.1416). Plaintiff argues the Eleventh Circuit's decision in *Lowery* controls, as explained by opinions from this District. (*See* Doc. 14, PageID.1416-17); *Lowery*, 483 F.3d 1184, 1213 n. 63.

The undersigned agrees with the Plaintiff that removal fails based on Tschenavia Strong's RFA responses. As this Court explained in *Crum v. Hankook Mfg. Co., LTD.*, the Eleventh Circuit has issued binding authority on the issue. *Crum*, 2020 WL 8465442, at *5 (S.D. Ala. Dec. 28, 2020), *report and recommendation adopted*, 2021 WL 439966 (S.D. Ala. Feb. 8, 2021). "*Lowery* could not be more explicit that an 'other paper' cannot come from a source other than the plaintiff." *Id.* "[E]vidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b)." *Lowery*, 483 F.3d at 1221. *Crum* went on to explain:

> [I]n *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010), the Eleventh Circuit reaffirmed that *Lowery* established a "receipt from the plaintiff" rule for purposes of "second paragraph" removals, see 608 F.3d at 756, 760-61, noting that it was consistent with "[t]he traditional rule ... that only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Id.* at 761 (emphasis added). "Thus," the Eleventh Circuit reiterated, "a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Id.* (citing the "second paragraph" of § 1446(b)). Thus … responses therefore did not open a new 30-day

removal window under § 1446(b)(3).

*Crum*, 2020 WL 8465442, at \*5.

Similar to the Defendant in *Crum*, Nissan argues for an exception to fraudulent joinder cases, but asserts no authority that limits *Lowery* or *Pretka*, particularly given *Pretka's* emphasis that *Lowery* is consistent with the longstanding general rule "that only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Pretka*, 608 F.3d at 761 (emphasis added) (citing *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (per curiam)). For the same reasoning seen in *Pretka*, Nissan's attempt to cabin *Lowery* to facts involving the amount in controversy is unpersuasive.[4] *Pretka*, 608 F.3d at 760-61 (discussing application of the "receipt from the plaintiff" rule to second paragraph removability under § 1446(b)).

In sum, discovery responses from Tschenavia Strong do not qualify as "other paper" from the Plaintiff. Therefore, removal is improper under 28 U.S.C. § 1446(b)(3). Accordingly, the undersigned **RECOMMENDS** that the case be **REMANDED** to Dallas County.

---

[4] To the extent the cases cited by Nissan support their position, they are not binding on this Court and are contrary to Eleventh Circuit precedent. *See, e.g., Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quotation omitted)). *See also infra* n.7.

### B. Fraudulent Joinder

As removal under § 1446(b)(3) was improper, analysis of fraudulent joinder is unnecessary. However, the undersigned notes Nissan does not meet its "heavy burden." *Dream Builders of Mobile, LLC v. Scottsdale Ins. Co.*, 2025 WL 996422, at *2 (S.D. Ala. Mar. 17, 2025), *report and recommendation adopted*, 2025 WL 994018 (S.D. Ala. Apr. 2, 2025) ("The burden of establishing fraudulent joinder is a heavy one.") (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)).

"To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that ... there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citation and quotation marks omitted).

Nissan argues that the RFA responses provide clear and convincing evidence that there is no possibility that the Plaintiff can establish a claim against Tschenavia Strong. (*See generally* Doc. 18, ¶ 5, PageID.1467-69).[5] Nissan correctly notes that the Court cannot resolve the facts in the Plaintiff's favor based solely on unsupported allegations of the complaint when faced with contrary evidence from the Defendant. *See Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005). This Court has observed "a non-diverse defendant's sworn statement denying involvement in events underlying the claims against it can be sufficient to make a *prima facie* showing of

---

[5] Nissan presents additional evidence to support its argument that Curtis Strong was not driving the vehicle and was therefore fraudulently joined. However, assuming *arguendo* that Curtis Strong was disregarded, having found that removal was improper under the statute and that resident defendant Tschenavia Strong was not fraudulently joined, the recommendation for remand would not change.

fraudulent joinder." *See Crum* 2020 WL 8465442, at *7 (citing *Legg*, 428 F.3d at 1323).

Conversely, the Plaintiff argues Nissan's RFAs do not eliminate the possibility of a tort claim. (*See* Doc. 14, PageID.1418). Among other responses, Tschenavia Strong was asked to admit she:

> 2. **Did not** loan your 2014 Mercedes C250 VIN# WDDGJ4HB8EG192359 to any individual on April 8, 2023.
>
> RESPONSE: Denied as stated.

(Doc. 8-6, Exhibit E) (emphasis added).

Under Alabama law, tortious liability for negligent entrustment can attach through a third party. *See Johnson v. ABF Freight Sys., Inc.*, 2021 WL 1312873, at *2 (N.D. Ala. Apr. 8, 2021) ("[o]ne who supplies directly or through a third person….") (citing *Pryor v. Brown & Root USA*, 674 So. 2d 45, 51 (Ala. 1995)). Further, in Alabama, "when one person drives a car belonging to another, a rebuttable *presumption of entrustment, i.e.,* that the car was being operated by the driver with the permission of the owner, arises when ownership is established…. Thus, the owner of a vehicle is faced with a substantial burden in order to disprove an entrustment." *Prill v. Marrone*, 23 So. 3d 1, 9 (Ala. 2009) (citation omitted). Moreover, a case of entrustment may arise, even though "the entrustor has not given permission to use the vehicle on a particular occasion *and may even have expressly refused it.*" *Id.* (quoting *Edwards v. Valentine*, 926 So. 2d 315, 320-21 (Ala. 2005)) (citation modified).

Given Alabama case law on negligent entrustment, the undersigned does not find that the limited RFA responses constitute clear and convincing evidence sufficient to foreclose ***any possibility*** of liability. "If there is even a possibility that a

state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper . . . ." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)). [6]

Accordingly, because Strong has not been fraudulently joined, complete diversity among the parties is lacking, and this Court lacks subject-matter jurisdiction under § 1332(a). On this basis as well, the Plaintiff's motion to remand should be **GRANTED**.[7]

### III. Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand (Doc. 9) be **GRANTED**.

---

[6] Plaintiff presents additional arguments that are underdeveloped and unsupported, though ultimately unnecessary. (*See* Doc. 14, PageID.1417); *see also Beam v. McNeilus Trauck & Mfg., Inc.*, 697 F. Supp. 2d 1267, 1279 (N.D. Ala. 2010) (stating court would not consider arguments not fully developed or bolstered with legal authority) (citing Resolution *Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) and *United States Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n. 13 (11th Cir. 2007) (refusing to address a party's "perfunctory and underdeveloped argument")).

[7] Additionally, the undersigned notes Plaintiff's observation that multiple citations in Nissan's brief misquote material and/or draw unsupported conclusions. (*See* Doc. 19, PageID.1495-97). Upon examination, most examples appear to stem from erroneous interpretation rather than outright fabrication. Notably, Plaintiff reasonably asks that "this Court disregard any inaccurate statements of fact or law[.]" (*Id.*, PageID.1497-98). Given the ultimate findings, further scrutiny is likely unwarranted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

     In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 4th Day of August 2025.

                                                             */s/ Katherine P. Nelson*
                                         **KATHERINE P. NELSON**
                            **UNITED STATES MAGISTRATE JUDGE**